UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRODERSEN PROPERTIES TRUCK STOP
BIRMINGHAM AL, LLC,

Plaintiff,

Case No. 25-cv-97-pp

v.

NATIONWIDE INSURANCE COMPANY,
*d/b/a Amco Insurance Company*
and FEDERATED SERVICE INSURANCE COMPANY,

Defendants.

---

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO AMEND/CORRECT COMPLAINT (DKT. NO. 41)**

---

The plaintiff filed a complaint on January 21, 2025, seeking declaratory relief after primary and excess insurance carriers failed to cover a claim for damage to the plaintiff's property. Dkt. No. 1. According to the court's scheduling order, the plaintiff had until January 9, 2026 to file an amended complaint. Dkt. No. 22. At the parties' request, the court has extended the discovery deadline multiple times, most recently to April 30, 2027. Dkt. Nos. 28, 34, 36, 54, 60.

Six months after the deadline for amending pleadings but prior to the discovery deadline, the plaintiff filed a Civil Local Rule 7(h) expedited, non-dispositive motion to amend/correct the complaint. Dkt. No. 41. The plaintiff argues that recent discovery revealed a factual basis for bringing breach of contract and bad faith claims against both defendants. Id. The defendants oppose the motion to amend on the grounds that the plaintiff has not shown

good cause, any amendment would be futile and amendment would materially prejudice the defendants. Dkt. No. 43. The court authorized the filing of a reply brief, dkt. no. 51, and a sur-reply brief, dkt. no. 57.

The court will grant the motion for leave to amend to the extent that the plaintiff may amend to bring breach of contract and bad faith claims against defendant Federated Service Insurance Company. The court will deny the motion as to plaintiff's request to add claims against Nationwide Insurance Company, which is doing business as Amco and referred to as Amco throughout the briefing.

## I. Allegations in the Complaint (Dkt. No. 1)

The plaintiff, an LLC with its principal place of business in Milwaukee, Wisconsin, owned property in Birmingham, Alabama. Dkt. No. 1 at ¶¶1, 6. Nationwide (Amco) insured the property from December 31, 2022 to December 31, 2023. Id. at ¶7. During that time, the plaintiff leased the property to Mountain Express Oil Company and required Mountain Express to maintain primary insurance coverage on the property. Id. at ¶8. Mountain Express obtained a policy from Federated that covered the period between June 28, 2023 and June 28, 2024. Id. at ¶9. After Mountain Express filed for bankruptcy protection, Federated allegedly cancelled the policy by letter dated September 7, 2023, with a retroactive date of cancellation to August 24, 2023. Id. at ¶12.

Meanwhile, the property was damaged by vandals and the estimated damages are as high as $4,608,535.20. Id. at ¶13. On information and belief, the plaintiff believes that the damage took place on August 21, 2023. Id. at ¶14. Federated denied coverage on the grounds that the damage did not occur during the policy's term; the property was abandoned at the time, which meant

that coverage was excluded; Federated did not receive sufficient notice and/or that Federated was the excess insurer and not the primary insurer. Id. at ¶17. In addition, the plaintiff says that Amco has refused to acknowledge coverage. Id. at ¶20.

The plaintiff alleges that it was forced to reduce the sale price of the property, and that it sold the property to LV Petroleum but retained its rights to pursue its claims against Federated and Nationwide. Id. at ¶¶22. The plaintiff asks the court to judge the rights and the liabilities of the parties under the terms of the two policies. Id. at ¶25.

## II. Plaintiff's Motion to Amend/Correct the Complaint (Dkt. No. 41)

### A. Plaintiff's Motion (Dkt. No. 41)

Eighteen months after filing the original complaint, the plaintiff filed an expedited motion for leave to file an amended complaint, dkt. no. 39; it amended that motion the same day, dkt. no. 41. The plaintiff wants to add alternative causes of action against the defendants for breach of contract arising from the alleged wrongful withholding of coverage under their respective policies and for bad faith claims handling. Dkt. No. 41 at 1. The plaintiff says that the facts underlying those claims became apparent during the May 12, 2026 deposition of Jason Murillo, the claims representative for Federated. Id. at 2. Murillo testified that on November 20, 2023, he visited the property that was the subject of the claim and observed a surveillance system with cameras. Id. Murillo testified that Paul Davis, a contractor, removed the components for the surveillance system from the property, separated the hard drives from the case, and sent them separately to an entity called Envista to "try to obtain the video footage of potentially when the loss could have occurred." Id.; Dkt. No. 42 at 4 lines 15-21. Murillo testified that the case was lost and the individual from

Envista Forensics stated that they "needed the case that it was plugged into in order to access the hard drives." Dkt. No. 41 at 2-3; Dkt. No. 42 at 9 lines 18-22. Murillo admitted that he did not ask Davis to record serial numbers, dimensions or the condition of the case, dkt. no. 41 at 3; dkt. no. 42 at 12 lines 10-13, and that without that case, Federated was at a "dead end," dkt. no. 41 at 3; dkt. no. 42 at 14 lines 6-7, 15 lines 12-14. Murillo further admitted that he played a role in drafting the April 3, 2024 denial letter from Federated and that, prior to the issuance of the letter, Federated did not prepare any estimates of costs to repair the damage to the property. Dkt. No. 41 at 3; Dkt. No. 42 at 17 lines 10-13, 20 lines 6-10, 21 lines 3-24. Finally, Murillo testified that he did not retain anyone to assess the damage at the property and visited the site only once. Dkt. No. 41 at 3; Dkt. No. 42 at 20 lines 21-24, 22 lines 2-10.

The plaintiff says that this new evidence warrants claims against Federated and Amco because Amco's denial of coverage to date is predicated on Federated's handling of the plaintiff's claim. Dkt. No. 41 at 3. The plaintiff argues that there is no "futility, undue prejudice or bad faith" that would justify departing from the routine practice of giving leave to amend. Id.

The plaintiff also filed the declaration of Vincent Borst and attached pages from the deposition transcript of Jason Morillo. Dkt. No. 42.

B. Amco's Opposition (Dkt. No. 43)

Defendant Amco opposes the motion, asserting that the plaintiff has proffered no "new evidence that warrants Plaintiff's amendments as to Amco's claims handling or investigation." Dkt. No. 43 at 1. Amco argues that there is no basis in the law or the facts in which the testimony of a Federated employee could be imputed to Amco—a separate legal entity. Id.

Amco argues that the plaintiff cannot satisfy the good cause standard, which applies once the deadline for amending pleadings has passed. Id. It asserts that the plaintiff possessed the facts underlying the proposed amended claims at the time it filed suit on January 21, 2025. Id. at 2. The complaint quoted Amco's January 31, 2024 coverage correspondence. Id. Amco adds that the plaintiff's lack of diligence should bar the "eleventh hour amendment to an 18-month-old pleading." Id. According to Amco, the plaintiff served only one set of written discovery, responded three months late to discovery, issued and abandoned two sets of defective Rule 60(b) notices and abandoned one of the two subpoenas served in connection with the claim. Id. Amco adds that the Murillo deposition occurred two months before the proposed amendment, even though the plaintiff had identified Murillo as a witness almost a year before, on July 31, 2025. Id.

Amco asserts that the proposed claims would be futile and would not survive a Rule 12(b)(6) motion. Id. It says that it has not denied coverage and that it continues to investigate under a full and complete reservation of rights. Id. at 3. Amco argues that the plaintiff's dissatisfaction with the length of the investigation does not transform the investigation into a denial. Id. Amco cites case law suggesting that delays are not enough to produce an inference of bad faith. Id. at 3 (citing Baires v. State Farm Mut. Auto. Ins. Co., 231 F. Supp. 3d 299, 309 (E.D. Wis. 2017)). Amco points out that the amended complaint concedes that Amco provides only excess coverage. Id.

Finally, Amco argues that the amendment would materially prejudice its defense because the complaint only put Amco on notice of the declaratory coverage-priority dispute. Id. at 3. Amco disputes that any newly presented claims would be timely under the policy's limitation period or the statute of

limitation. Id. Amco argues that it is the plaintiff's burden to show that a claim relates back to the original complaint. Id. at 4. Amco further asserts that amendment would require it reopen and overhaul discovery to date. Id.

C. Federated's Opposition (Dkt. No. 47)

Defendant Federated opposes the motion on the ground that the plaintiff fails to show good cause under Fed. R. Civ. P. 16(b)(4) and has not met the standard for bad faith or breach of contract. Dkt. No. 47.

First, Federated argues that the plaintiff fails to meet the diligence standard because the plaintiff is relying on the fact that "Federated allegedly canceled [the plaintiff's] policy incorrectly, which is a fact that has been known to Plaintiff before the filing of this lawsuit." Dkt. No. 47 at 1.

Second, Federated argues that bad faith requires the "absence of a reasonable basis for denying the benefits of the policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." Id. at 2 (citing Anderson v. Cont'l Ins. Co., 85 Wis. 2d 675 (Wis. 1978)). Federated says that on September 5, 2023, it received a cancellation request from its own insured through the bankruptcy trustee. Id. at 2 (citing Dkt. No. 47-1). The bankruptcy trustee asked that the policy be cancelled with an effective date of August 25, 2023 at 12:01 a.m.; Federated maintains that the policy was cancelled and notice was set to the "additional insured" on September 7, 2023. Id. (citing Dkt. No. 47-2). Federated says that the plaintiff has had this notice, stating that the cancellation was requested by the insured, since "well before this lawsuit was filed." Id. Federated adds that although the plaintiff argues that Federated need to give it thirty days' notice before cancelling the policy, the thirty-day notice requirement applies when an insurer cancels the policy, not when an insured requests cancellation of its

own policy. Id. Federated states that the plaintiff executed a sworn statement that the loss occurred after August 25, 2023. Id. (citing Dkt. No. 47-4). Federated acknowledges that a valid contract existed up until August 25, 2023 but says that "anything after that date cannot be considered a breach" because the contract was terminated at the insured's request. Id. at 3.

D. Plaintiff's Reply (Dkt. No. 51)

The court granted the plaintiff's motion seeking leave to file a consolidated reply to respond to the arguments raised in the two opposition briefs. Dkt. No. 49.

In its reply, the plaintiff denies possessing every fact at the time it filed suit and says that under its Rule 11 obligations it waited for discovery of facts "that it suspected might exist." Dkt. No. 51 at 1. The plaintiff says that it learned through discovery that Federated "did absolutely nothing beyond one site visit, to do anything about investigating [the plaintiff's] claim" and that Federated "relied on a dubious, retroactive cancellation of coverage that violated its own policy terms to deny coverage." Id. at 2 (emphasis in original). The plaintiff says that Amco has refused to acknowledge coverage for nearly three years. Id. at 2. The plaintiff contends that its discovery has been "more than adequate." Id. According to the plaintiff, any arguments about timeliness conflate amendment of the complaint with issues regarding statutes of limitation and whether an amendment would relate back. Id.

The plaintiff argues that Amco cannot show that the plaintiff's claim for damages from the vandalism arose either from an excluded cause of loss or from outside its policy term. Id. The plaintiff argues that the fact that a bankruptcy trustee allegedly requested cancellation does not relieve the insurer of its obligation to provide thirty days' notice. Id. at 2-3.

E. Amco's Sur-reply (Dkt. No. 57)

The court granted Amco's motion (Dkt. No. 55) to file a sur-reply brief. Dkt. No. 56. In its sur-reply, Amco says that paragraph 10 of the reply brief incorrectly attributes a policy cancellation to "Nationwide" (Amco) when the complaint "expressly alleges" that Federated—not Amco—cancelled the policy. Dkt. No. 57 at 1. Amco points out that it is not alleged to have cancelled any policy issued to the plaintiff. Id. at 2.

Amco further alleges that the plaintiff argued—for the first time in its reply brief—that "Amco has not shown, and cannot show, that the [plaintiff's] claim for damages arising from the admitted vandalism arose either from an *excluded* cause of loss or outside of its policy term." Id. at 2 (emphasis in original). Amco urges the court to disregard the argument raised for the first time in the plaintiff's reply brief and says that if a response is warranted, its answer and affirmative defenses preserve all coverage defenses. Id. Amco argues that it is not required to "marshal all available merits evidence in response to an expedited, non-dispositive procedural motion" but needs to show only that the proposed claim would be futile and would not survive a Rule 12(b)(6) motion. Id. at 2-3.

F. Legal Standard

Federal Rule of Civil Procedure 15 governs amended pleadings. Under Rule 15(a)(1), "[a] party may amend its pleading once as a matter of course" within twenty-one days of serving the complaint or, if the defendants have answered, within twenty-one days after service of the responsive pleading. Because the defendants already have answered the original complaint, dkt. no. 11, the plaintiff no longer can amend "as a matter of course." But under Rule 15(a)(2), a party may amend its pleading "with the opposing party's written

consent or the court's leave." The rule instructs courts to "freely give leave when justice so requires." Id.

The court has broad discretion to deny a request to amend when there is undue delay, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants or where the amendment would be futile. Hukic v. Aurora Loan Services, 588 F.3d 420, 432 (7th Cir. 2009). When a party seeks to amend a pleading after the deadline to amend has expired, that party first must demonstrate good cause under Rule 16(b). See Alioto v. Town of Lisbon, 651 F.3d 715, 719-20 (7th Cir. 2011); Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am., 424 F.3d 542, 553 (7th Cir. 2005) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.1992)).

G. The Court's Analysis

The defendants argue that the plaintiff does not have good cause for the late amendment and that any amendment would be futile and cause prejudice. The good cause standard primarily considers the diligence of the moving party. MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co., 994 F.3d 869, 878 (7th Cir. 2021). Delay alone is not a sufficient reason to deny a proposed amendment; the non-moving party must show a lack of diligence coupled with another reason for denial, such as prejudice to the non-moving party. See George v. Kraft Foods Global, Inc., 641 F.3d 786, 789–91 (7th Cir. 2011).

The plaintiff proposed the amendment eighteen months after filing the complaint. That said, the facts underlying the bad faith claim surfaced during Murillo's deposition. The plaintiff conducted the deposition prior to the parties' agreed upon deadline for completing discovery. It wasn't long after the

deposition that the plaintiff filed the motion. At the time the plaintiff filed the motion, the parties still had forty-eight days to conduct discovery. That deadline has been extended at the request of the parties and the current deadline to complete fact discovery is January 4, 2027. Dkt. No. 60. Any delay beyond the filing of the motion for leave to amend the complaint is the result of the court's docket and not the plaintiff's lack of diligence.

Amco takes issue with the choices that the plaintiff made in conducting discovery, but the fact remains that the plaintiff took the deposition that provided it with the information, and did so before the discovery deadline. An expedited non-dispositive motion does not provide sufficient information for scrutinizing counsel's litigation strategies, particularly where the parties are limited to three pages each and the plaintiff has operated within the discovery deadline. The court finds good cause for the plaintiff's request to amend.

The inquiry does not end with the finding of good cause. The court can still consider futility and undue prejudice. In Wisconsin, a bad faith claim in the insurance context "is a tort separate and apart from a breach of contract per se," giving rise to a separate claim for damages. Anderson, 85 Wis. 2d at 686. To establish a bad faith claim, a party must show: (1) "the absence of a reasonable basis for denying benefits of the policy"; and (2) "the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." Advance Cable Co., LLC v. Cincinnati Ins. Co., 788 F.3d 743, 748 (7th Cir. 2015) (quoting Brethorst v. Allstate Property and Cas. Ins. Co., 334 Wis. 2d 23, 36 (Wis. 2011)). The second part of the test is "subjective and calls for an examination of whether the insurer knew or should have known that it had no reasonable basis to deny the claim." Blue v. Hartford Life & Acc. Ins. Co., 698 F.3d 587, 595 (7th Cir. 2012). Before an insured can sue an insurer

for bad faith, however, the insured first must establish a breach of contract by that insurer. See Brethorst, 334 Wis. 2d at 52 (concluding that breach of contract by an insurer is a "fundamental prerequisite" for a bad faith claim against the insurer by the insured).

The plaintiff has not demonstrated a factual basis for bringing a bad faith claim or breach of contract claim against Amco. There is nothing in the motion that suggests that Amco lacked a reasonable basis (or otherwise denied coverage). The amended complaint alleges that the plaintiff made a claim under the Amco policy "out of an abundance of caution and not because [the plaintiff] believed the Amco Policy was the primary policy covering the Property, or that the Federated Policy was excess or anything other than primary coverage on the Property." Dkt. No. 41 at 10, ¶25. The plaintiff alleges that "Amco has refused to acknowledge coverage." Id. at 11, ¶27. But the letter from Amco attached to the original complaint was not a denial; it stated that as the excess carrier, it would "need a decision made first by Federated Insurance regarding their coverage position." Dkt. No. 1-3. The factual basis for the plaintiff's proposed amendment surfaced during the deposition testimony of the Federated claims representative and Federated appears to be a separate entity from Amco. There is nothing in the record to suggest that the actions of a Federated employee may be imputed to Amco and the court finds no basis for the plaintiff's assertion in its motion to amend that Amco relied on Federated's decisions to deny coverage. Nor has the plaintiff pointed to anything in the contract that would form the basis for a new claim against Amco. Without more, the court finds that amendment as to Amco would be futile and that Amco would suffer prejudice if forced to revisit its discovery as to bad faith or contract damages at this juncture.

The analysis looks different for Federated because it was Federated's claims representative who determined that there were surveillance cameras, authorized a contractor to remove the hard drives from the case, failed to record data regarding the case and then lost the case, thus forfeiting any ability to pinpoint the date of the loss. The same representative admitted that he visited the site only once and made no other attempt to evaluate the damages. Federated denied coverage and has asserted that it relied on the bankruptcy trustee's requested termination of the policy and the plaintiff's statement that the vandalism occurred after August 25, 2023. Dkt. No. 47-4. But Federated had possession of the evidence that would have established when the vandalism occurred, Federated has not filed a dispositive motion and this court has not resolved the notice or coverage issue. The court does not find undue prejudice because the testimony on which the plaintiff relies came from Federated's representative. The court will allow the plaintiff to proceed on breach of contract and bad faith claims against Federated.

The court realizes that granting the amendment as to Federated may change how the parties intend to proceed with the litigation. The parties may want to bifurcate the coverage/breach of contract issues from any bad faith claim against Federated, as they suggested in their most recent motion for extension of time. Dkt. No. 59 at 2-3. Indeed, if the court resolves the coverage issues in Federated's favor, there would be no bad faith claim. The court will give the parties time to confer on that and other issues and will request that they file a status report advising how they wish to proceed.

## III. Conclusion

The court **GRANTS** in part the Plaintiff's Amended Civil L.R. 7(h) Expedited Non-Dispositive Motion for Leave to Amend Complaint. Dkt. No. 41.

The court **ORDERS** that by the end of the day on **November 12, 2026**, the plaintiff may file an amended complaint including breach of contract and bad faith claims as to Federated but not as to Amco.

The court further **ORDERS** that by the end of the day on **November 30, 2026**, the parties must meet and confer, then file a joint status report with their proposed next steps for the litigation.

Dated in Milwaukee, Wisconsin this 26th day of October, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**